## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

CAMILLE BARKSDALE,     )
    )
      Plaintiff,     )
    )
    vs.     )     CASE NO.
    )
BACKYARD PRODUCTS, LLC     )
d/b/a BACKYARD STORAGE     )
SOLUTIONS, LLC; BACKYARD     )
SERVICES, LLC; HEARTLAND     )
INDUSTRIES,     )
    )
      Defendants.     )

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants (1) Backyard Products, LLC,

(2) Backyard Storage Solutions, LLC, and (3) Heartland Industries (collectively "Defendants")

give notice of the removal of the civil action captioned as *Camille Barksdale v. Backyard Products,*

*LLC d/b/a Backyard Storage Solutions, LLC, et al.*, Cause No. 19CN-CC00027, filed in Circuit

Court of Clinton County, Missouri. The grounds for removal are as follows:

## I. BACKGROUND

1. On April 30, 2019, Plaintiff Camille Barksdale ("Plaintiff") filed a complaint

against Defendants (the "Complaint") in the Circuit Court of Clinton County, Missouri, Case No.

19CN-CC00027 (the "State Court Action").

2. Plaintiff served Defendants with the Complaint and Summons in the State Court

Action on May 2, 2019.

3. The Complaint alleges that Defendants violated a federal law, the Fair Credit

Reporting Act, 15 U.S.C. § 1681p.

## II.     REMOVAL JURISDICTION

4.      Federal courts have original jurisdiction of all cases that arise under federal law, and such cases are explicitly within this Court's removal jurisdiction.  28 U.S.C. § 1331(b) (providing that the courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

5.      The FCRA is a federal statute that specifically vests district courts with jurisdiction over any "action to enforce any liability created under [the FCRA]."  15 U.S.C. § 1681p.  Because Plaintiff seeks to enforce liabilities created under the FCRA, this Court has original jurisdiction over her claims.

## III.     COMPLIANCE WITH STATUTORY REQUIREMENTS

6.      In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of all process, pleadings, and orders from the State Court Action are attached as **Exhibit A**.

7.      Because Defendants were served with the Complaint on May 2, 2019, their removal is timely because it is within 30 days of service of the Complaint, as required by 28 U.S.C. § 1446(b)(1).

8.      Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending.  Specifically, Plaintiff filed this action in the Circuit Court of Clinton County, Missouri, which is located within the Western District of Missouri.  Therefore, the State Court Action may be removed to this Court.

9.      The Defendants all join in and consent to the removal of the State Court Action.

10. In accordance with 28 U.S.C. § 1446(d), a copy of Defendants' Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court of Clinton County, Missouri. Defendants are also contemporaneously serving this Notice of Removal on Plaintiff.

11. In accordance with Federal Rule of Civil Procedure 11, undersigned counsel for Defendants certify that they have read this Notice; that removal of the State Court Action is warranted by existing law to the best of counsel's knowledge, information, and belief formed after reasonable inquiry; and that this Notice is not interposed for any improper purpose.

WHEREFORE, in accordance with the authorities set forth above, Defendants remove the State Court Action to this Court and request such other and further relief as the Court deems appropriate.

Respectfully submitted,

*s/ Forrest T. Rhodes, Jr.*
Forrest T. Rhodes, Jr., #KS-000627
1551 N. Waterfront Parkway, Ste. 100
Wichita, Kansas 67206
Tel: 316-291-9555
Fax: 866-347-5132
frhodes@foulston.com

Anthony F. Rupp, MO #39081
32 Corporate Woods
9225 Indian Creek Pkwy., Ste. 600
Overland Park, KS 66210-2000
913.498.2100
913.498.2101 (fax)
trupp@foulston.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May, 2019, I electronically filed the above and

foregoing with the Clerk of the Court, which will send a notice of electronic filing to the

following:

    Charles Jason Brown
    Jayson A. Watkins
    Brown & Watkins LLC
    301 S. US 169 Hwy
    Gower, MO 64454
    brown@brownandwatkins.com
    watkins@brownandwatkins.com

    *Attorneys for Plaintiff*

                              */s/ Forrest T. Rhodes, Jr.*
                              Forrest T. Rhodes, Jr.

4



**IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>R BRENT ELLIOTT | Case Number: **19CN-CC00027** |
| Plaintiff/Petitioner:<br>CAMILLE BARKSDALE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| Defendant/Respondent:<br>BACKYARD PRODUCTS LLC D/B/A<br>BACKYARD STORAGE SOLUTIONS LLC, Et al | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

**FILED**
5/1/2019
**ELLIS DOCKRAY**
**CIRCUIT CLERK**
**EX-OFFICIO RECORDER**
**CLINTON CO, MO**

*(Date File Stamp)*

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    HEARTLAND INDUSTRIES
                             Alias:

**1000 TERMES DRIVE**
**MONROE, MI 48182**

*COURT SEAL OF*

*CLINTON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

ELLIS DOCKRAY, CIRCUIT CLERK

05/01/2019
_____
Date
Further Information:

BY: CONNIE THARP, SR. CLERK        Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other: _____

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to officer making return on service of summons.

OSCA (07-18) SM60 (SMOS) *For Court Use Only: Document ID# 19-SMOS-8*        1 of 2  **(19CN-CC00027)**        Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**EXHIBIT A**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - Clinton - April 30, 2019 - 02:45 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI

| | |
|---|---|
| **CAMILLE BARKSDALE,** | ) |
| Individually And On Behalf Of | ) |
| All Others, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **BACKYARD PRODUCTS LLC d/b/a** | ) |
| **BACKYARD STORAGE** | ) |
| **SOLUTIONS LLC,** | ) |
| **Registered Agent:** | ) |
| **221 Bolivar St.** | ) |
| **Jefferson City, MO 65101** | ) |
| | ) |
| **Defendant,** | ) |
| | ) |
| **BACKYARD SERVICES LLC** | ) |
| **1000 Ternes Drive** | ) |
| **Monroe, Michigan   48182** | ) |
| **Defendant,** | ) |
| | ) |
| **HEARTLAND INDUSTRIES** | ) |
| **1000 Ternes Drive** | ) |
| **Monroe, Michigan   48182** | ) |
| **Defendant,** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Camille Barksdale, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendants, Backyard Products LLC d/b/a Backyard Storage Solutions LLC ("BP"), Backyard Services LLC ("BS"), and Heartland Industries ("HI") ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Defendants used information, concerning the Plaintiff, obtained from a Consumer Reporting Agency to make an employment based decision.

2.      Defendant BS obtained information about the Plaintiff from a third party.

3.      Defendant BS obtained information about the Plaintiff from First Advantage.

4.      The information obtained by the Defendant BS from First Advantage was used for employment purposes.

5.      The information obtained by the Defendant BS from First Advantage is labeled Background Report.

6.      The Background Report obtained by the Defendant BS from First Advantage concerning the Plaintiff is a "Consumer Report" (as a "Consumer Report" is defined pursuant to the FCRA).

7.      The information obtained from First Advantage was used for employment purposes.

8.      Plaintiff brings this action against Defendants BP, BS, and HI for violations of the FCRA.

9.      Defendants BP, BS, and HI did not provide the Plaintiff with a clear and conspicuous disclosure in writing in a document that consisted solely of the disclosure that a Consumer Report may be obtained for employment purposes.

10.     On information and belief, the Defendant BS would have, prior to obtaining a Consumer Report on the Plaintiff, certified to First Advantage that it had previously provided a disclosure to the Plaintiff, that was clear and conspicuous, that a Consumer Report would be obtained for employment purposes.

11.     On information and belief, and prior to obtaining a Consumer Report on the Plaintiff, the Defendant BS would have certified to First Advantage that it had previously provided a disclosure to the Plaintiff that consisted solely of the

Electronically Filed - Clinton - April 30, 2019 - 02:45 PM

disclosure that a Consumer Report would be obtained for employment purposes.

12. The manner in which the Defendants obtained information on the Plaintiff from First Advantage is consistent with their policies and practices.

13. The manner in which the Defendants obtained the report concerning the Plaintiff from First Advantage is consistent with their policies and practices.

14. The manner in which Defendants obtained a Consumer Report on the Plaintiff is consistent with their policies and practices.

15. The manner in which Defendants obtained information on the Plaintiff from First Advantage is the same or similar method used to obtain information on other putative class members.

16. The manner in which Defendants obtained the report on the Plaintiff from First Advantage is the same or similar method used to obtain reports on other putative class members.

17. The manner in which Defendants obtained a Consumer Report on the Plaintiff from First Advantage is the same or similar method used to obtain Consumer Reports on other putative class members.

18. A Consumer Report may not be obtained without a permissible purpose.

19. On information and belief, the Defendants have an agreement to obtain and share information they obtain from Consumer Reporting Agencies for employment purposes amongst one another.

20. On information and belief, Defendants obtained Consumer Report information from First Advantage under false pretenses.

21. Plaintiff asserts FCRA claims against Defendants on behalf of herself and the proposed putative classes.

22. Based on Defendant's violation of the FCRA, as described herein, Plaintiff asserts FCRA claims on behalf of herself and all other individuals who's rights under the FCRA were violated as may be revealed during this proceeding.

23. On behalf of herself and the putative class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and other appropriate relief pursuant to the FCRA.

## PARTIES

24. Plaintiff Barksdale is a resident of Mayview, Missouri. Plaintiff is a member of the Putative Classes defined below.

25. Defendants are non-resident foreign companies doing business in Missouri.

## JURISDICTION AND VENUE

26. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

27. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

28. Plaintiff Barksdale applied for work with Defendant BP in or about late October of 2018.

29. Plaintiff received an email a few days later from Todd Barnhart, a representative of the Defendant BP, with a link to pre-hire paperwork to complete.

30. The pre-hire paperwork contained multiple pages.

31. The pages contain titles and/or headings such as: Contractor Information, Authorization and Release, Installment Agreement Independent Subcontractor,

Electronically Filed - Clinton - April 30, 2019 - 02:45 PM

Backyard Services LLC, Installer Code of Conduct, Request for Taxpayer Identification Number and Certification, Authorization Agreement for Automatic Deposits, Sole Proprietor Statement, Contractor Packet Information Sheet, and an untitled page with the Backyard Products, LLC header at the top left.

32. The pages contain information concerning insurance, payment forms, waiver/releases of liability, sole proprietor statements, contractor information, installation agreements, independent subcontractor forms, and a code of conduct.

33. Plaintiff emailed the completed paperwork to branch053@backyardproducts.com.

34. Plaintiff called Todd Barnhart to confirm receipt of said email.

35. Plaintiff was told by Mr. Barnhart that he did receive the email and that the Plaintiff would be receiving something in the mail about the job.

36. On information and belief, BS ordered a Consumer Report from First Advantage on or about October 26, 2018.

37. A reasonable person would not understand from any of the documents in the pre-hire paperwork that a Consumer Report was being obtained for employment purposes.

38. The Plaintiff did not receive the disclosure notice required by the FCRA.

39. The Plaintiff did not authorize the Defendants to obtain a Consumer Report.

40. On information and belief, the document(s) used by the Defendants to obtain a Consumer Report on the Plaintiff was used to obtain Consumer Reports on other individuals.

41. Within the packet of documents Plaintiff completed was a page titled Authorization and Release.

Electronically Filed - Clinton - April 30, 2019 - 02:45 PM

42.     Within the packet of documents Plaintiff completed was a page titled Contractor Information. This document appears to be two pages long.

43.     Neither Defendant BP or BS are authorized to procure a consumer report on the pages titled Authorization and Release or Contractor Information.

44.     Neither the page titled Authorization and Release or the pages titled Contractor Information are a FCRA disclosure that a Consumer Report may be obtained for employment purposes.

45.     Plaintiff believed the Authorization and Release and Contractor Information pages were somehow related to a liability waiver(s)/release(s) connected to construction work.

46.     The Plaintiff did not believe the pages titled Authorization and Release or Contractor Information were a FCRA disclosure that Consumer Report may be obtained for employment purposes.

47.     The Plaintiff did not believe the pages titled Authorization and Release or Contractor Information were a FCRA authorization to procure a Consumer Report for employment purposes.

48.     The page titled Authorization and Release and the pages titled Contractor Information contain release/waiver of liability language.

49.     A reasonable person would not understand the page titled Authorization and Release or the pages titled Contractor Information to be a disclosure to obtain a Consumer Report for employment purposes.

50.     A reasonable person would not understand that the page titled Authorization and Release or the pages titled Contractor Information to be a disclosure to obtain a

Consumer Report for employment purposes because they contain statements that seek to steal consumer rights that would be illegal under the FCRA and that do not comply with the mandates of the FCRA.

51. The purpose of the page titled Authorization and Release and the pages titled Contractor Information is to obtain a waiver/release of liability.

52. Including a waiver/release of liability in the page titled Authorization and Release and the pages Contractor Information appear to function as a way to deprive the Plaintiff of a chose in action.

53. A release of liability clause would not be included in a FCRA compliant disclosure to obtain a Consumer Report for employment purposes.

54. A reasonable person would not believe the Defendants would include a release of liability clause in a document that would be used to obtain a Consumer Report for employment purposes.

55. Including statements trying to evade responsibility represents an attempt by the Defendants to steal rights from the Plaintiff and others and increases the risk of harm to the Plaintiff and other individuals.

56. The waiver/release of liability can be misleading to the consumer, third party providers of information, and employees of the Defendants; creating a substantial and increased risk of harm to consumers.

57. Neither the page titled Authorization and Release or the Contractor Information form completed by the Plaintiff mentions the entity BS.

58. BS is listed as the entity that requested and received the Plaintiff's Consumer Report.

Electronically Filed - Clinton - April 30, 2019 - 02:45 PM

59. BS did not disclose that a Consumer Report would be obtained for employment purposes.

60. BS did not obtain an authorization from the Plaintiff to procure a Consumer Report for employment purposes.

61. On information and belief, BS obtained a Consumer Report for employment purposes.

62. BS, HI, and BP are separately registered entities with the Michigan Secretary of State Office.

63. Because third party providers of information could also likely believe that an exculpatory clause is enforceable, such a provision may induce those sources to be less careful in their production of information, thereby magnifying the danger that the Defendants will make decisions based on incomplete or inaccurate information.

64. The release of liability clause placed consumers at an increased risk of harm because the Defendants' employees no longer believed liability existed for violations of the law.

65. Defendants' blatant violations of the Plaintiff's rights deprived her of information, privacy, opportunity, and other statutory rights, and rights associated with common law.

66. The FCRA prohibits a disclosure that a Consumer Report may be obtained for employment purposes from being attached with other documentation.

67. The Defendants never received authorization from the Plaintiff to obtain a Consumer Report as mandated by the FCRA.

68. On information and belief, the Defendants never received authorization from class members to obtain a Consumer Report as mandated by the FCRA.

69. Given the overwhelming amount of extraneous, misleading, inaccurate, deceiving, confusing, and illegal information in the document(s) that may have been used by the Defendants to obtain a Consumer Report, no reasonable person would believe that the Defendant's provided a disclosure that a Consumer Report may be obtained for employment purposes.

70. Given the Defendants' failure to actually disclose that a Consumer Report may be obtained for employment purposes, no reasonable person would conclude or be expected to conclude that any documents provided by the Defendants disclosed that a Consumer Report may be obtained for employment purposes.

71. Defendants are aware of the FCRA.

72. Defendants have knowledge that it must comply with the FCRA.

73. Defendants are required to obtain all Consumer Reports for employment purposes in accordance with the FCRA.

74. Despite having knowledge of the requirements of the FCRA, Defendants failed to comply with the FCRA.

75. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

76. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

77. Plaintiff asserts the following proposed classes:

**Proposed Improper Disclosure Class:** All natural persons residing in the United States in which the Defendant obtained a Consumer Report for employment purposes from April 30, 2014, through the present.

**Proposed Improper Authorization Class:** All natural persons residing in the United States in which the Defendant obtained a Consumer Report for employment purposes but did not receive a written authorization from April 30, 2014, through the present.

**Numerosity**

78. Each proposed class is so numerous that joinder of all class members is impracticable. Defendants regularly obtain Consumer Reports in violation of the FCRA. On information and belief, given the number of employees applying and working for the Defendants, Plaintiff believes that during the relevant time period, hundreds of individuals would fall within the definition of the class.

**Common Questions of Law and Fact**

79. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

  a. Whether the Defendants disclosed that a Consumer Report would be procured for employment purposes;

  c. Whether the Defendants obtained authorization to procure a Consumer Report for employment purposes;

  d. Whether Defendants' violations of the FCRA willful; and

  e. The proper measure of statutory damages in punitive damages.

**Typicality**

80. Plaintiff's claims are typical of the members of the proposed class. Defendants typically obtain and use Consumer Reports on individuals in a uniform and company-wide manner. The FCRA violations suffered by Plaintiff are typical of

those suffered by other class members.

### Adequacy of Representation

81.     Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

82.     A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

83.     This case is maintainable as a class action under Mo. R. Civ. P. 52(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

84.     This case is maintainable as a class action under Mo. R. Civ. P. 52(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the Putative Classes, so that declaratory relief is appropriate respecting the Classes as a whole.

85.     Class certification is also appropriate under Mo. R. Civ. P. 52(b)(3) because

questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendants, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. The Plaintiff is unaware of any similar claims brought against Defendants by any members of the Putative Classes on an individual basis. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

86. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 52. The names and address of the Putative Class members are available from Defendants' records.

## DISCLOSURE CLASS

87. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

88. Defendants failed to disclose that a Consumer Report may be obtained for employment purposes.

89. Defendants' violation of the FCRA resulted in an invasion of Plaintiff's privacy

Electronically Filed - Clinton - April 30, 2019 - 02:45 PM

as Plaintiff was not properly notified that a Consumer Report may be obtained for employment purposes.

90. Defendants' violation of the FCRA resulted in an informational injury as the Plaintiff was not informed that a Consumer Report may be obtained for employment purposes.

91. Defendants failed to provide the Plaintiff statutorily required information that disclosed the Defendants would obtain a Consumer Report.

92. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendants' willful conduct is reflected by, among other things, the following facts:

    a. Defendants have access to legal advice through outside employment counsel;

    b. Defendants committed multiple violations of the FCRA by not providing the Plaintiff with a disclosure that a Consumer Report may be obtained for employment purposes as mandated by the FCRA;

    c. The Defendants have ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    d. 15 U.S.C. §1681b(b)(1), requires end users of Consumer Reports to certify that a disclosure was provided to the consumer that a Consumer Report would be procured for employment purposes.

93. Plaintiff and the disclosure class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

94. Plaintiff and the disclosure class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

95.    Plaintiff and the disclosure class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## AUTHORIZATION CLASS

96.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

97.    Defendants failed to obtain written authorization to procure a Consumer Report for employment purposes on the Plaintiff and other individuals.

98.    Defendants' violation of the FCRA resulted in an invasion of Plaintiff's privacy as Plaintiff did not authorize the Defendants to obtain a Consumer Report for employment purposes.

99.    Defendants' violation of the FCRA resulted in an informational injury because the Plaintiff was not informed and did not authorize the Defendants' to obtain a Consumer Report.

100.    The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other class members under the provisions of the FCRA. Defendants' willful conduct is reflected by, among other things, the following facts:

    a.    Defendants have access to legal advice through outside employment counsel;

    b.    Defendants committed multiple violations of the FCRA by not obtaining an authorization to obtain a Consumer Report for employment purposes as mandated by the FCRA;

    c.    The Defendants have ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    d.    15 U.S.C. §1681b(b)(1), requires end users of Consumer Reports to certify that an authorization was obtained from the consumer allowing a Consumer Report to be procured for employment purposes.

101. Plaintiff and the authorization class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

102. Plaintiff and the authorization class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

103. Plaintiff and the authorization class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

   **WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

   b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

   c. Order directing proper notice to be mailed to the Putative Classes at Defendants' expense;

   d. Order finding that Defendants committed multiple, separate violations of the FCRA;

   e. Order finding that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

   f. Order awarding statutory damages and punitive damages as provided the FCRA;

   g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.  Order granting other and further relief, in law or equity, as this Court may

deem appropriate and just.

**<u>Demand for Jury Trial</u>**

Plaintiff hereby demands a jury trial on all causes of action and claims with

respect to which Plaintiff and all members of the proposed classes have a right to jury

trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Associates LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF