# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

CAMILLE BARKSDALE, )
)
Plaintiff, )
)
vs. ) CASE NO. 19-cv-06074-DGK
)
BACKYARD PRODUCTS, LLC )
d/b/a BACKYARD STORAGE )
SOLUTIONS, LLC; BACKYARD )
SERVICES, LLC; HEARTLAND )
INDUSTRIES, )
)
Defendants. )

## DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Backyard Products, LLC d/b/a Backyard Storage Solutions, LLC ("Backyard Storage"); Backyard Services, LLC ("Backyard Services"); and Heartland Industries ("Heartland") (collectively, "Defendants") submit their answer to the Complaint filed by Camille Barksdale ("Plaintiff"). For ease of reference, Plaintiff's allegations are set forth verbatim with Defendants' responses following each allegation.

## COMPLAINT

**COMES NOW** the Plaintiff, Camille Barksdale, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendants, Backyard Products LLC d/b/a Backyard Storage Solutions ("BP"), Backyard Services LLC ("BS"), and Heartland Industries ("HI") (collectively "Defendants"), pursuant to the Fair Credit Reporting Act ("FCRA").

**ANSWER:** Defendants admit that Plaintiff is asserting a claim under the Fair Credit Reporting Act, but deny that they have violated the FCRA and deny that they are liable to Plaintiff in any way.

## PRELIMINARY STATEMENTS

1.    Defendants used information, concerning the Plaintiff, obtained from a Consumer Reporting Agency to make an employment based decision.

**ANSWER:** Defendants deny the allegations in this paragraph.

2.    Defendant BS obtained information about the Plaintiff from a third party.

**ANSWER:** Defendants admit the allegations in this paragraph.

3.    Defendant BS obtained information about the Plaintiff from First Advantage.

**ANSWER:** Defendants admit the allegations in this paragraph.

4.    The information obtained by the Defendant BS from First Advantage was used for employment purposes.

**ANSWER:** Defendants deny the allegations in this paragraph.

5.    The information obtained by the Defendant BS from First Advantage is labeled Background Report.

**ANSWER:** The document speaks for itself. Defendants deny any allegations in

this paragraph that are inconsistent with the document.

6.     The Background Report obtained by the Defendant BS from First Advantage concerning the Plaintiff is a "Consumer Report" (as a "Consumer Report" is defined pursuant to the FCRA).

**ANSWER:**    The allegations in paragraph 6 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

7.     The information obtained from First Advantage was used for employment purposes.

**ANSWER:**    Defendants deny the allegations in this paragraph.

8.     Plaintiff brings this action against Defendants BP, BS, and HI for violations of the FCRA.

**ANSWER:**    This paragraph is a description of the action that contains no allegations to which a response is required. Defendants deny they violated the FCRA.

9.     Defendants BP, BS, and HI did not provide the Plaintiff with a clear and conspicuous disclosure in writing in a document that consisted solely of the disclosure that a Consumer Report may be obtained for employment purposes.

**ANSWER:**    Defendants deny the allegations in this paragraph.

10.     On information and belief, the Defendant BS would have, prior to obtaining a Consumer Report on the Plaintiff, certified to First Advantage that it had previously provided a disclosure to the Plaintiff, that was clear and conspicuous, that a Consumer Report would be obtained for employment purposes.

**ANSWER:**     Defendants deny the allegations in this paragraph.

11.     On information and belief, and prior to obtaining a Consumer Report on the Plaintiff, the Defendant BS would have certified to First Advantage that it had previously provided a disclosure to the Plaintiff that consisted solely of the disclosure that a Consumer Report would be obtained for employment purposes.

**ANSWER:**     Defendants deny the allegations in this paragraph.

12.     The manner in which the Defendants obtained information on the Plaintiff from First Advantage is consistent with their policies and practices.

**ANSWER:**     Defendants deny the allegations in this paragraph.

13.     The manner in which the Defendants obtained the report concerning the Plaintiff from First Advantage is consistent with their policies and practices.

**ANSWER:**     Defendants deny the allegations in this paragraph.

14.     The manner in which Defendants obtained a Consumer Report on the

Plaintiff is consistent with their policies and practices.

**ANSWER:** Defendants deny the allegations in this paragraph.

15. The manner in which Defendants obtained information on the Plaintiff from First Advantage is the same or similar method used to obtain information on other putative class members.

**ANSWER:** Defendants deny the allegations in this paragraph.

16. The manner in which Defendants obtained the report on the Plaintiff from First Advantage is the same or similar method used to obtain reports on other putative class members.

**ANSWER:** Defendants deny the allegations in this paragraph.

17. The manner in which Defendants obtained a Consumer Report on the Plaintiff from First Advantage is the same or similar method used to obtain Consumer Reports on other putative class members.

**ANSWER:** Defendants deny the allegations in this paragraph.

18. A Consumer Report may not be obtained without a permissible purpose.

**ANSWER:** This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph

and, therefore, deny them.

19.    On information and belief, the Defendants have an agreement to obtain and share information they obtain from Consumer Reporting Agencies for employment purposes amongst each other.

**ANSWER:**   Defendants deny the allegations in this paragraph.

20.    On information and belief, Defendants obtained Consumer Report information from First Advantage under false pretenses.

**ANSWER:**   Defendants deny the allegations in this paragraph.

21.    Plaintiff asserts FCRA claims against Defendants on behalf of herself and the proposed putative class.

**ANSWER:**   This paragraph contains no allegations to which a response is required. Defendants deny they violated the FCRA.

22.    Based on Defendant's violation of the FCRA, as described herein, Plaintiff asserts FCRA claims on behalf of herself and all other individuals who's rights under the FCRA were violated as may be revealed during this proceeding.

**ANSWER:**   This paragraph contains no allegations to which a response is required. Defendants deny they violated the FCRA.

23.     On behalf of herself and the putative class, Plaintiff seeks statutory damages, punitive damages, costs and attorney fees, and other appropriate relief pursuant to the FCRA.

**ANSWER:**   This paragraph contains no allegations to which a response is required. Defendants deny they violated the FCRA. Defendants further deny that the Plaintiff or any of the members of the putative class are entitled to damages.


## PARTIES

24.     Plaintiff Barksdale is a resident of Mayview, Missouri. Plaintiff is a member of the Putative Classes defined below.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.


25.     Defendants are non-resident foreign companies doing business in Missouri.

**ANSWER:**   Defendants admit the allegations in this paragraph.


## JURISDICTION AND VENUE

26.     This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

**ANSWER:**   Defendants admit the allegations in this paragraph, but further states that this matter has been properly removed to federal court

27.     Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

**ANSWER:**   Defendants admit the allegations in this paragraph but state further that this matter has been removed to federal court.

## FACTUAL ALLEGATIONS

28.     Plaintiff Barksdale applied for work with Defendant BP in or about late October of 2018.

**ANSWER:**   Defendants deny that Plaintiff applied to be an employee with Defendants, but admit that she applied for work as an independent contractor.

29.     Plaintiff received an email a few days later from Todd Barnhart, a representative of the Defendant BP, with a link to pre-hire paperwork to complete.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

30.     The pre-hire paperwork contained multiple pages.

**ANSWER:**   Defendants admit that Plaintiff received paperwork that contained multiple pages. That paperwork speaks for itself and Defendants deny Plaintiff's characterization of that paperwork.

31.     The pages contain titles and/or headings such as:  Contractor Information,

Authorization and Release, Installment Agreement Independent Subcontractor, Backyard Services LLC, Installer Code of Conduct, Request for Taxpayer Identification Number and Certification, Authorization Agreement for Automatic Deposits, Sole Proprietor Statement, Contractor Packet Information Sheet, and an untitled page with the Backyard Products, LLC header at the top left.

**ANSWER:** The documents speak for themselves and Defendants deny any allegations inconsistent with those documents.

32. The pages contain information concerning insurance, payment forms, waiver/releases of liability, sole proprietor statements, contractor information, installation agreements, independent contractor forms, and a code of conduct.

**ANSWER:** The documents speak for themselves and Defendants deny any allegations inconsistent with those documents.

33. Plaintiff emailed the completed paperwork to branch053@backyardproducts.com.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

34. Plaintiff called Todd Barnhart to confirm receipt of said email.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

35.     Plaintiff was told by Mr. Barnhart that he did receive the email and that the Plaintiff would be receiving something in the mail about the job.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

36.     On information and belief, BS ordered a Consumer Report from First Advantage on or about October 26, 2018.

**ANSWER:**   Defendants deny the allegations in this paragraph.

37.     A reasonable person would not understand from any of the documents in the pre-hire paperwork that a Consumer Report was being obtained for employment purposes.

**ANSWER:**   This paragraph states a legal conclusion. To the extent a response is required, Defendants deny the allegations in this paragraph.

38.     The Plaintiff did not receive the disclosure notice required by the FCRA.

**ANSWER:**   This paragraph states a legal conclusion. To the extent a response is required, Defendants deny the allegations in this paragraph.

39.     The Plaintiff did not authorize the Defendants to obtain a Consumer Report.

**ANSWER:** Defendants deny that they obtained a Consumer Report. If a Consumer Report was obtained Defendants deny that any Consumer Report was obtained without Plaintiffs' authorization.

40.     On information and belief, the document(s) used by the Defendants to obtain a Consumer Report on the Plaintiff was used to obtain Consumer Reports on other individuals.

**ANSWER:** Defendants deny the allegations in this paragraph.

41.     Within the packet of documents Plaintiff completed was a page titled Authorization and Release.

**ANSWER:** The documents speak for themselves. Defendants deny any allegations inconsistent with the documents.

42.     Within the packet of documents Plaintiff completed was a page titled Contractor Information.  This documents appears to be two pages long.

**ANSWER:** The documents speak for themselves. Defendants deny any allegations inconsistent with the documents.

43.     Neither Defendant BP or BS are authorized to procure a consumer report on the pages titled Authorization and Release or Contractor Information.

**ANSWER:** The documents speak for themselves. Defendants deny any allega-

tions inconsistent with the documents.

44.    Neither the page titled Authorization and Release or the pages titled Contractor Information are a FCRA disclosure that a Consumer Report may be obtained for employment purposes.

**ANSWER:**    The documents speak for themselves. Defendants deny any allegations inconsistent with the documents.

45.    Plaintiff believed the Authorization and Release and Contractor Information pages were somehow related to a liability waiver(s)/release(s) connected to construction work.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

46.    The Plaintiff did not believe the pages titled Authorization and Release or Contractor Information were a FCRA disclosure that Consumer Report may be obtained for employment purposes.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

47.    The Plaintiff did not believe that pages titled Authorization and Release or Contractor Information were a FCRA authorization to procure a Consumer Report for

employment purposes.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

48. The page titled Authorization and Release and the pages titled Contractor Information contain release/waiver of liability language.

**ANSWER:** The documents speak for themselves. Defendants deny any allegations inconsistent with the documents.

49. A reasonable person would not understand the page titled Authorization and Release or the pages titled Contractor Information to be a disclosure to obtain a Consumer Report for employment purposes.

**ANSWER:** This paragraph states a legal conclusion. To the extent a response is required, Defendants deny the allegations in this paragraph.

50. A reasonable person would not understand that the page titled Authorization and Release or the pages titled Contractor Information to be a disclosure to obtain a Consumer Report for employment purposes because they contain statements that seek to steal consumer rights that would be illegal under the FCRA and that do not comply with the mandates of the FCRA.

**ANSWER:** This paragraph states a legal conclusion. To the extent a response is required, Defendants deny the allegations in this paragraph.

51.     The purpose of the page titled Authorization and Release and the pages titled Contractor Information is to obtain a waiver/release of liability.

**ANSWER:**   The document speak for themselves. Defendants deny any allegations inconsistent with the document.

52.     Including a waiver/release of liability in the page titled Authorization and Release and the pages Contractor Information appear to function as a way to deprive the Plaintiff of a chose in action.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

53.     A release of liability clause would not be included in a FCRA compliant disclosure to obtain a Consumer Report for employment purposes.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

54.     A reasonable person would not believe the Defendants would include a release of liability clause in a document that would be used to obtain a Consumer Report for employment purposes.

**ANSWER:**   This paragraph states a legal conclusion. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations in this paragraph, and, therefore, deny them.

55. Including statements trying to evade responsibility represents an attempt by the Defendants to steal rights from the Plaintiff and others and increases the risk of harm to the Plaintiff and other individuals.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

56. The waiver/release of liability can be misleading to the consumer, third party providers of information, and employees of the Defendants; creating a substantial and increased risk of harm to consumers.

**ANSWER:** Defendants deny the allegations in this paragraph.

57. Neither the page titled Authorization and Release or the Contractor Information form completed by the Plaintiff mentions the entity BS.

**ANSWER:** The documents speak for themselves. Defendants deny any allegations inconsistent with the documents.

58. BS is listed as the entity that requested and received the Plaintiff's Consumer Report.

**ANSWER:** The documents speak for themselves. Defendants deny any allegations inconsistent with the documents.

59.     BS did not disclose that a Consumer Report would be obtained for employment purposes.

**ANSWER:**   Defendants deny that a Consumer Report was obtained for employment purposes. If a Consumer Report was obtained, Defendants deny that they failed to disclose that a Consumer Report would be obtained for employment purposes.


60.     BS did not obtain an authorization from the Plaintiff to procure a Consumer Report for employment purposes.

**ANSWER:**   Defendants deny that a Consumer Report was obtained for employment purposes. If a Consumer Report was obtained for employment purposes, Defendants deny that the Consumer Report was obtained without authorization.


61.     On information and belief, BS obtained a Consumer Report for employment purposes.

**ANSWER:**   Defendants deny the allegations in this paragraph.


62.     BS, HI, and BP are separately registered entities with the Michigan Secretary of State Office.

**ANSWER:**   Defendants deny the allegations in this paragraph.


63.     Because third party providers of information could also likely believe that

an exculpatory clause is enforceable, such a provision may induce those sources to be less careful in their production of information, thereby magnifying the danger that the Defendants will make decisions based on incomplete or inaccurate information.

**ANSWER:** Defendants deny the allegations in this paragraph.

64. The release of liability clause placed consumers at an increased risk of harm because the Defendants' employees no longer believed liability existed for violations of the law.

**ANSWER:** Defendants deny the allegations in this paragraph.

65. Defendants' blatant violations of the Plaintiff's rights deprived her of information, privacy, opportunity, and other statutory rights, and rights associated with common law.

**ANSWER:** Defendants deny the allegations in this paragraph.

66. The FCRA prohibits a disclosure that a Consumer Report may be obtained for employment purposes from being attached with other documentation.

**ANSWER:** This paragraph contains a legal conclusion to which no response is required. The FCRA speaks for itself.

67. The Defendants never received written authorization from the Plaintiff to obtain a Consumer Report as mandated by the FCRA.

**ANSWER:** Defendants deny the allegations in this paragraph.

68. On information and belief, the Defendants never received authorization from class members to obtain a Consumer Report as mandated by the FCRA.

**ANSWER:** Defendants deny the allegations in this paragraph.

69. Given the overwhelming amount of extraneous, misleading, inaccurate, deceiving, confusing, and illegal information in the document(s) that may have been used by the Defendants to obtain a Consumer Report, no reasonable person would believe that the Defendant's provided a disclosure that a Consumer Report may be obtained for employment purposes.

**ANSWER:** This paragraph states a legal conclusion. To the extent a response is required, Defendants deny the allegations in this paragraph.

70. Given the Defendants' failure to actually disclose that a Consumer Report may be obtained for employment purposes, no reasonable person would conclude or be expected to conclude that any documents provided by the Defendants disclosed that a Consumer Report may be obtained for employment purposes.

**ANSWER:** This paragraph states a legal conclusion. To the extent a response is required, Defendants deny the allegations in this paragraph.

71. Defendants are aware of the FCRA.

**ANSWER:** Defendants admit the allegations in this paragraph.

72. Defendants have knowledge that it must comply with the FCRA.

**ANSWER:** Defendants admit that they are aware that they must comply with federal laws that are applicable to them. Defendants deny that they have violated the FCRA or that the FCRA applies to the allegations in the complaint.

73. Defendants are required to obtain all Consumer Reports for employment purposes in accordance with the FCRA.

**ANSWER:** The FCRA speaks for itself. Defendants deny any allegation inconsistent with the FCRA.

74. Despite having knowledge of the requirements of the FCRA, Defendants failed to comply with the FCRA.

**ANSWER:** Defendants deny the allegations in this paragraph.

75. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

**ANSWER:** Defendants deny the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

76.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER:**     Defendants incorporate their responses to the preceding paragraphs.

77.     Plaintiff asserts the following proposed classes:

> **Proposed Improper Disclosure Class:**   All natural persons residing in the United States in which the Defendant obtained a Consumer Report for employment purposes from April 30, 2014, through the present.

> **Proposed Improper Authorization Class:**     All natural persons residing in the United States in which the Defendant obtained a Consumer Report for employment purposes but did not receive written authorization from April 30, 2014 through the present.

**ANSWER:**   Defendants deny the allegations in this paragraph.

## Numerosity

78.     Each proposed class is so numerous that joinder of all class members is impracticable.   Defendants regularly obtain Consumer Reports in violation of the FCRA.   On information and belief, given the number of employees applying and working for the Defendants, Plaintiff believes that during the relevant time period, hundreds of individuals would fall within the definition of the class.

**ANSWER:**   Defendants deny the allegations in this paragraph.

## Common Questions of Law and Fact

79.     Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members.  Among the questions of law and fact common to the class are:

a.     Whether the Defendants disclosed that a Consumer Report would be procured for employment purposes;

b.     Whether the Defendants obtained authorization to procure a Consumer Report for employment purposes;

c.     Whether Defendants' violations of the FCRA were willful; and

d.     The proper measure of statutory damages in punitive damages.

**ANSWER:**     Defendants deny the allegations in this paragraph.

## Typicality

80.     Plaintiff's claims are typical of the members of the proposed class. Defendants typically obtain and use Consumer Reports on individuals in a uniform and company-wide manner.  The FCRA violations suffered by Plaintiff are typical of those suffered by class members.

**ANSWER:**     Defendants deny the allegations in this paragraph.

## Adequacy of Representation

81.     Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members.  Plaintiff has retained attorneys competent and experi-

enced in class action litigation. No conflict exists between Plaintiff and members of the class.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

## Superiority

82. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

**ANSWER:** Defendants deny the allegations in this paragraph.

83. This case is maintainable as a class action under Mo. R. Civ. P. 52(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

**ANSWER:** Defendants deny the allegations in this paragraph.

84. This case is maintainable as a class action under Mo. R. Civ. P. 52(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the Putative Classes, so that declaratory relief is appropriate respecting the Classes as a

whole.

    **ANSWER:**   Defendants deny the allegations in this paragraph

85.    Class certification is also appropriate under Mo. R. Civ. P. 52(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendants, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. The Plaintiff is unaware of any similar claims brought against Defendants by an members of the Putative Classes on an individual basis. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

    **ANSWER:**   Defendants deny the allegations in this complaint.

86.    Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 52. The names and addresses of the Putative Class mem-

bers are available from Defendants' records.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and, therefore, deny them.

<u>**DISCLOSURE CLASS**</u>

87.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate their responses to the preceding paragraphs.

88.    Defendants failed to disclose that a Consumer Report may be obtained for employment purposes.

**ANSWER:** Defendants deny that a Consumer Report was obtained for employment purposes. If a Consumer Report was obtained, Defendants deny that they failed to disclose that a Consumer Report would be obtained for employment purposes.

89.    Defendants' violations of the FCRA resulted in an invasion of Plaintiff's privacy as Plaintiff was not properly notified that a Consumer Report may be obtained for employment purposes.

**ANSWER:** Defendants deny the allegations in this paragraph.

90.    Defendants' violation of the FCRA resulted in an informational injury as the Plaintiff was not informed that a Consumer Report may be obtained for employ-

ment purposes.

**ANSWER:** Defendants deny the allegations in this paragraph.

91. Defendants failed to provide the Plaintiff statutorily required information that disclosed the Defendants would obtain a Consumer Report.

**ANSWER:** Defendants deny the allegations in this paragraph.

92. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendants' willful conduct is reflected by, among other things, the following facts:

    a.    Defendants have access to legal advice through outside employment counsel;

    b.    Defendants committed multiple violations of the FCRA by not providing the Plaintiff with a disclosure that a Consumer Report may be obtained for employment purposes as mandated by the FCRA;

    c.    The Defendants have ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    d.    15 U.S.C. § 1681b(b)(1), requires end users of Consumer Reports to certify that a disclosure was provided to the consumer that a Consumer Report would be procured for employment purposes.

**ANSWER:** Defendants deny the allegations in this paragraph.

93.     Plaintiff and the disclosure class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

**ANSWER:**    Defendants deny the allegations in this paragraph.

94.     Plaintiff and the disclosure class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

**ANSWER:**    Defendants deny the allegations in this paragraph.

95.     Plaintiff and the disclosure class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**ANSWER:**    Defendants deny the allegations in this paragraph.

**AUTHORIZATION CLASS**

96.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER:**    Defendants incorporate their responses to the preceding paragraphs.

97.     Defendants failed to obtain written authorization to procure a Consumer Report for employment purposes on the Plaintiff and other individuals.

**ANSWER:**    Defendants deny the allegations in this paragraph.

98.     Defendants' violation of the FCRA resulted in an invasion of Plaintiff's privacy as Plaintiff did not authorize the Defendants to obtain a Consumer Report for employment purposes.

**ANSWER:**     Defendants deny the allegations in this paragraph.


99.     Defendants' violation of the FCRA resulted in an informational injury because the Plaintiff was not informed and did not authorize the Defendants' to obtain a Consumer Report.

**ANSWER:**     Defendants deny the allegations in this paragraph.


100.    The foregoing violations were willful.  Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other adverse action class members under the provisions of the FCRA.  Defendants' willful conduct is reflected by, among other things, the following facts:

a.     Defendants have access to legal advice through outside employment counsel;

b.     Defendants committed multiple violations of the FCRA by not obtaining an authorization to obtain a Consumer Report for employment purposes as mandated by the FCRA;

c.     The Defendants have ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

d.     15 U.S.C. § 1681b(b)(1), requires end users of Consumer Reports to certify that an authorization was obtained from the consumer allowing a Consumer Report to be procured for employment purposes.

**ANSWER:**     Defendants deny the allegations in this paragraph.

101.     Plaintiff and the authorization class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

**ANSWER:**     Defendants deny the allegations in this paragraph.

102.     Plaintiff and the disclosure class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

**ANSWER:**     Defendants deny the allegations in this paragraph.

103.     Plaintiff and the disclosure class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**ANSWER:**     Defendants deny the allegations in this paragraph.

## **Affirmative Defenses**

Defendants affirmative and other defenses are set forth below.  By stating a defense, Defendants do not thereby assume the burden of proof on that defense except to the extent applicable law requires it or them to plead and prove the defense in order to

avail themselves of the defense. Defendants reserve the right to assert any additional defenses that arise during investigation, discovery, or through evidence presented at trial.

1. Plaintiff and the putative class lack standing due the lack of a concrete and particularized injury-in-fact.

2. The complaint fails to state a claim upon which relief can be granted.

3. Defendants acted in good faith and complied fully with the FCRA.

4. Plaintiff's individual and class claims are barred because neither the Plaintiff nor any purported class member has suffered any actual damages or injury.

5. Plaintiff's claims are barred because Defendants did not willfully violate the FCRA.

6. This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting individual putative class members; a class action is not superior to other available methods for the fair and efficient interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

WHEREFORE, having fully answered the Complaint, Defendants pray as follows:

1. That class action certification and treatment be denied;

2.      That the Complaint be dismissed with prejudice;

3.      That Defendants be awarded their costs and attorney's fees; and

4.      That Defendants be awarded such other and further relief as the Court deems just and equitable.

## Demand for Jury Trial

Defendants hereby demand a jury trial on all issues raised in Plaintiff's Complaint for which a jury trial is available.

Respectfully submitted,

*s/ Forrest T. Rhodes, Jr.*
Forrest T. Rhodes, Jr., #KS-000627
1551 N. Waterfront Parkway, Ste. 100
Wichita, Kansas 67206
Tel: 316-291-9555
Fax: 866-347-5132
frhodes@foulston.com

Anthony F. Rupp, MO #39081
32 Corporate Woods
9225 Indian Creek Pkwy., Ste. 600
Overland Park, KS 66210-2000
913.498.2100
913.498.2101 (fax)
trupp@foulston.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2019, I electronically filed the above and foregoing with the Clerk of the Court, which will send a notice of electronic filing to the following:

Charles Jason Brown
Jayson A. Watkins
Brown & Watkins LLC
301 S. US 169 Hwy
Gower, MO 64454
brown@brownandwatkins.com
watkins@brownandwatkins.com

*Attorneys for Plaintiff*

/s/ *Forrest T. Rhodes, Jr.*
Forrest T. Rhodes, Jr.