# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CAMILLE BARKSDALE, individually and on behalf of all others | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:19-cv-06074-DGK |
| BACKYARD PRODCUTS, LLC d/b/a BACKYARD STORAGE SOLUTIONS, LLC; BACKYARD SERVICES, LLC; HEARTLAND INDUSTRIES, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO COMPEL ARBITRATION AND DISMISS, OR ALTERNATIVELY, TO STAY PROCCEEDINGS

This putative class action alleges violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff Camille Barksdale ("Plaintiff") asserts that after she applied for employment with Defendants Backyard Products, LLC d/b/a Backyard Storage Solutions, LLC; Backyard Services, LLC; and Heartland Industries (collectively "Defendants"), Defendants ordered her credit report without her consent, or without providing her with the appropriate disclosure, both of which are FCRA violations.

Now before the Court is Defendants' Motion to Compel Plaintiff to Arbitrate Claims on an Individualized Basis and Dismiss or, Alternatively, Stay this Proceeding Pending Completion of the Arbitration (Doc. 12). Because the purported arbitration agreement lacks mutual assent due to Defendants failure to sign it, no agreement exists under Missouri law. The motion is DENIED.

**Background**

The following facts are not in dispute. Plaintiff applied to work for Defendants in October 2018. A representative of Defendants gave her a packet of pre-hire paperwork to complete, including an Installation Agreement ("the Agreement"). After Plaintiff completed and returned the pre-hire paperwork, Defendants ordered her Consumer Report from First Advantage. Plaintiff alleges Defendants did not provide her with the proper disclosure, or obtain her authorization, before obtaining the report.

Paragraph nine of the Agreement, titled "Other," contains a provision in which the parties agree to arbitrate "any dispute or claim involving this Agreement" under the rules of the American Arbitration Association. Installation Agreement, § 9.1 (Doc. 13-1). At the end of the Agreement, under the phrase "ACCEPTED and AGREED" in bold, are two signature blocks, one for a Defendants' representative to sign and one for the "Contractor" (the job applicant), to sign. It is undisputed that Plaintiff signed the Agreement, but a representative of the Defendants did not.

Plaintiff filed the Petition (Doc. 1, pp. 7-22) in the Circuit Court of Clinton County, Missouri, and Defendants timely removed the case to federal court.

**Standard**

Under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When presented with a motion to compel arbitration, a federal court asks "only (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 783-84 (8th Cir. 2016) (citations and quotations omitted). If the answer to both questions is yes, the court must order arbitration. *Id*.

Validity turns on the application of state contract law. *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015). "The elements required to form a valid contract in Missouri[1] are offer, acceptance, and bargained for consideration." *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 436 (Mo. Ct. App. 2010) (citations and quotations omitted). The party moving to compel arbitration bears the burden of proving these elements. *Clemmons v. Kansas City Chiefs Football Club, Inc.*, 397 S.W.3d 503, 506 (Mo. Ct. App. 2013).

## Discussion

Plaintiff contends the Agreement is not valid because the parties did not mutually assent. Defendants respond that the Agreement is valid, and that under the AAA's rules—which were incorporated into the Agreement—the question whether a contract was formed or is enforceable is for the arbitrator to answer, not the Court.

**I.     There was not mutual assent to arbitration.**

"Offer and acceptance requires a mutual agreement." *Baier v. Darden Rests.*, 420 S.W.3d 733, 738 (Mo. Ct. App. 2014). "A mutual agreement is reached when the minds of the contracting parties meet upon and assent to the same thing in the same sense at the same time." *Youngs v. Conley*, 505 S.W.3d 305, 314 (Mo. Ct. App. 2016) (citations, quotations, and alterations omitted). "A meeting of the minds occurs when there is a definite offer and an unequivocal acceptance." *Id.* (citations and quotations omitted) (emphasis in original). Under Missouri law, a "party's signature on a contract remains the common, though not exclusive, method of demonstrating agreement." *Baier*, 420 S.W.3d at 738 (citations and quotations omitted). "Assent can be shown in other ways, such as by the parties' conduct." *Heritage Roofing, LLC v. Fischer*, 164 S.W.3d 128, 134 (Mo. Ct. App. 2005).

---

[1] The parties are correct to agree that Missouri law governs whether a contract was formed. *Shockley v. PrimeLending*, 929 F.3d 1012, 1017 (8th Cir. 2019); *Baker v. Bristol Care*, Inc., 450 S.W.3d 770, 774 (Mo. banc 2014).

3

Whether mutual assent exists "depends upon the intentions of the parties." *Baier*, 420 S.W.3d at 738. "Seldom are the intentions of parties capable of direct proof and, ordinarily, such intentions are determinable only through logical deduction from proven facts." *Id*. (citations and quotations omitted). Whether the facts establish a party's intent to be bound is a question for the court. *Id*. at 738-39; *see also Int'l Ass'n of Bridge, Structural, Ornamental, & Reinforcing Ironworkers, Shopman's Local 493 v. EFCO Corp. & Constr. Prods., Inc.*, 359 F.3d 954, 956 (8th Cir. 2004) (stating that "whether the parties have a valid arbitration agreement that binds them is a question for judicial determination").

Federal courts in this district applying Missouri law have consistently held that when only one party to a purported arbitration agreement signs the agreement, no agreement to arbitrate is formed, and the court should decline to order arbitration. *Wilbur v. Securitas Sec. Servs. USA, Inc.*, No. 19-00176-CV-W-SRB, 2019 WL 1980703, at *3 (W.D. Mo. May 3, 2019); *McFadden v. Van Chevrolet-Cadillac, LLC*, No. 18-00395-CV-W-BP, 2018 WL 3715756, at *3 (W.D. Mo. Aug. 3, 2018); *Cody v. Chase Professionals*, No. 18-06025-CV-SJ-ODS, 2018 WL 2219090, at *3 (W.D. Mo. May 15, 2018), appeal dismissed, No. 18-2173, 2018 WL 6264402 (8th Cir. July 11, 2018); *Welk Resort Sales, Inc. v. Bryant*, No. 17-03197-CV-S-SWH, 2018 WL 1309738, at *3 (W.D. Mo. Mar. 13, 2018). At least one Missouri appellate court similarly holds. *Baier v. Darden Restaurants*, 420 S.W.3d 733 (Mo. Ct. App. 2014). Here, the Agreement contained a designated signature line for both "Backyard Services, LLC" and for "Contractor." Plaintiff demonstrated her intent to be bound by the Agreement when she signed as "Contractor." But Defendants never indicated a mutual intent to be bound by the Agreement. If Defendants intended to be bound by the Agreement, they should have signed it.

Defendants attempt to distinguish this case from the foregoing cases by noting that here the Plaintiff signed the form offsite and emailed it back to Defendants, and "[t]hus, there was no opportunity for the parties to watch the other sign the document in person." Reply at 7 (Doc. 16). This argument is not persuasive. Plaintiff's signing the Agreement offsite and emailing it back did not render it physically impossible for Defendants to sign it; they could have printed it out and signed it. And, as a matter of law, it did not relieve them of their need to assent to the Agreement— signaled by signing the Agreement—if they wanted to enter it.

For support, Defendants cite two cases where district courts ordered arbitration, *Astarita v. Menard, Inc.*, No. 5:17-06151-CV-RK, 2018 WL 5928061 (W.D. Mo. Nov. 13, 2018), and *Arment v. Dolgencorp, LLC*, No. 2:18 CV 26 CDP, 2018 WL 5921369 (E.D. Mo. Nov. 13, 2018). But these cases are distinguishable. In both cases there were no physical signatures from either party; both parties to the arbitration agreement assented electronically. Further, in *Astarita* the parties had previously entered into an arbitration agreement which contained a designated signature line for both parties, and both parties signed it. *Astarita*, 2018 WL at *1. Thus, *Astarita* arguably supports the Plaintiff's position.

**II.     The delegation argument is unavailing because no contract was ever formed.**

Defendants also argue under the AAA's rules—which were incorporated into the Agreement—the question whether a contract was formed or is enforceable is for the arbitrator to answer, not the Court.

This argument is unavailing. A necessary prerequisite for this argument is that the parties entered into a valid contract. *Shockley v. PrimeLending*, 929 F.3d 1012, 1019 (8th Cir. 2019) (applying Missouri law and concluding "[w]ithout an acceptance, no contract was formed as to the delegation provision" where the employee's "mere review of the subject materials [containing a

delegation provision, without the employee's signature] did not constitute an acceptance"); *Pinkerton v. Fahnestock*, 531 S.W.3d 36, 49 (Mo. banc 2017) ("[A] court must be satisfied that the parties have 'concluded' or formed an arbitration agreement before the court may order arbitration to proceed according to the terms of the agreement."). Since no contract was ever formed between the parties here, there is nothing for the arbitrator to arbitrate. *Id.*; *Bellemere v. Cable-Dahmer Chevrolet, Inc.*, 423 S.W.3d 267, 273 (Mo. Ct. App. 2013) (recognizing that "enforceability under the FAA never comes into play if a contract itself was never formed").

## Conclusion

Because the purported arbitration agreement lacks mutual assent due to Defendants failure to sign it, the agreement is invalid under Missouri law, and the motion (Doc. 12) is DENIED.

**IT IS SO ORDERED.**

Date: October 3, 2019                              /s/ Greg Kays
                                                                             GREG KAYS, JUDGE
                                                                             UNITED STATES DISTRICT COURT